UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Susan Hansen, for herself and on behalf of all others similarly situated,<br>　　*Plaintiff*,<br><br>　　　　*v.*<br><br>Monumental Life Insurance Company,<br>　　*Defendant*. | Civil No. 3:05cv1905 (JBA)<br><br><br><br><br>December 1, 2009 |

FINAL ORDER AND JUDGMENT

As scheduled in the Court's Preliminary Approval Order dated July 31, 2009, the Court held a hearing on December 1, 2009 to determine: (i) whether the proposed Settlement should be given final approval as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e); (ii) whether a final judgment should be entered as required by the Settlement Agreement and Exhibit E thereto; (iii) whether an incentive award should be made to the Named Plaintiff as set forth in Section 1(c) of the Settlement Agreement; (iv) the amount of attorneys' fees and costs to be awarded; and (v) the amount of the third-party claims administrator costs to be awarded.

Eleven putative class members timely requested exclusion from the class settlement, and no objections were filed with respect to the proposed Settlement. Based on the parties' submissions in support of the request for final approval of the Settlement and the request for attorneys' fees and costs, supplemented by the remarks of counsel at the hearing, the Court concludes that:

1.      Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this Action, as embodied in the terms of the Settlement Agreement, is fair, reasonable, and adequate.  Further, the Court reaffirms its earlier class certification ruling, appoints Class Counsel as claims administrator, and finds that the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class.  Accordingly, the parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

2.      In addition, the Court finds that the Settlement Notice and the notice methodology implemented pursuant to the Settlement Agreement was fully reasonable under the circumstances and constituted sufficient notice to all persons entitled to receive notice, fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23, and satisfactorily advised potential Class Members of their rights to object to or to exclude themselves from the proposed Settlement.

3.      The terms of the Settlement Agreement and this Final Judgment are binding on the Named Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings, including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters

that were or could have been raised in this Action or are otherwise encompassed by the Settlement Agreement.

4. The Named Plaintiff and all Class Members are deemed to have conclusively released the defendant Monumental Life Insurance Company ("Monumental") and all of its respective current and former officers, directors, stockholders, subsidiaries, parent companies, affiliated companies, employees, agents, attorneys, predecessors, successors, heirs, and assigns from any and all claims, demands, causes of action, suits, debts, liabilities, obligations, and damages, of every nature whatsoever, whether known or unknown, asserted or unasserted, that the Releasing Parties now have, or ever had, which arise from or relate to the alleged acts, omissions and business practices at issue in this lawsuit including, without limitation, Monumental's forms, processes, or procedures used relating to providing refunds and its alleged failure to refund unearned premiums on early loan payoffs, from the beginning of time up through the date of the execution of the Settlement Agreement, and including, but not limited to, any and all claims asserted or which could have been asserted in this lawsuit.  Susan Hansen, on behalf of herself and no others, also forever releases any and all claims, of any nature whatsoever, known or unknown, suspected or unsuspected, which she now has or claims to have had, or which she at any time hereafter may have or claim to have against Monumental that arises out of or is related to any matter, fact, act, omission, cause or thing whatsoever that existed, arose or occurred on or prior to the date of the execution of this Agreement.

5.      The Named Plaintiff and all Class Members and any person or entity acting on their behalf are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, asserted in this action or otherwise related to the claims deemed released herein.

6.      The Parties are authorized, without further approval from the Court, to agree in writing to such amendments, modifications and expansions of the Settlement Agreement as are found necessary for efficient implementation so long as such modifications are consistent with this Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

7.      The Court further approves:

   a.   an incentive award of $7,500 to Susan Hansen, as Class Representative, for her time and efforts in support of the Action;

   b.   an award of attorneys' fees, costs, and expenses to Class Counsel in the amount of $850,000;

   c.   an award of third-party claims administrator's fee of $50,000.

8.      The Action is dismissed with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

9.      The Court retains continuing jurisdiction over the Action, and the Parties and Class, for the purpose of administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court.

Accordingly, Plaintiff's Assented-to Motion for Final Approval of Class Action Settlement [Doc. # 137] and Plaintiff's Motion for an Award of Attorneys' Fees and Costs [Doc. # 138] are GRANTED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of December, 2009.